0

CV 14-4620

COGAN, J.

Michael B. Palillo P.C.
Attorney for the Plaintiff
277 Broadway Suite 501
New York, New York 10007
212-608-8959
212-608-0304
palillolaw@aol.com

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Civil Action No:
Date Filed:

MICKEAL SMALL

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
LODICO, SGT. RAMIREZ AND OTHER
UNIDENTIFIED OFFICERS "JOHN DOES"
AND "JANE DOES" 1-5 NAMES FICTITIOUS,
TRUE NAMES UNKNOWN INTENDED TO
DESIGNATE POLICE OFFICERS AND
DETECTIVES OF THE 83RD
AT THE TIMES AND PLACES ALLEGED

**VERIFIED
COMPLAINT**

JURY TRIAL DEMANDED

                    Defendants.
-------------------------------------X

S I R S:

        Plaintiff, MICKEAL SMALL, by his attorney, MICHAEL B.

PALILLO, P.C., complaining of the Defendants, alleges upon

information and belief as follows:

### JURISDICTION AND VENUE

        This Court has jurisdiction over the subject matter

of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 (a),

28 U.S.C. 2001 and 2002 and Rule 57 of the Fed R. Civ. Pro, 42

U.S.C. 2000(d) based on Title VI of the Civil Rights Act of 1964.

        Venue is proper in the Eastern District of New York

1

pursuant to 28 U.S.C. §§ 1391(b) and c) because a substantial part of the events and omissions giving rise to this action occurred in this District.

## PARTIES AND FACTS

1.    That this is an action for money damages to redress deprivation by Defendants of the rights secured to the Plaintiff, MICKEAL SMALL, under the Constitution and Laws of the United States of America and the State of New York.

2.    That the Plaintiff, at all dates and times hereinafter mentioned, was and still is a resident of the County of Kings State of New York.

3.    That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, [hereinafter "CITY"], was and still is a Municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4.    That at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, [hereinafter "NYPD"], was and still is a Department and/or Agency of the CITY OF NEW YORK and operates under its supervision, management and control and which is responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers and detectives, including the individually named Defendants herein.  Defendant, CITY as an employer of the individual Defendant officers is

responsible for their wrongdoing under the doctrine of *respondeat superior*.

5. That at all dates and times hereinafter mentioned, DETECTIVE LODICO, SGT RAMIREZ, unidentified law enforcement personnel, "John Doe/Jane Doe" numbered "1-5" names fictitious, true names unknown but intended to be designated Police Officers/Detectives assigned to the 83RD Precinct were agents servants and or employees of the NYPD a municipal agency for the City of and acted within the scope of their employment as such.

6. The CITY as a municipal entity is authorized under the laws of the State of New York to maintain a police department known as the NYPD which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

7. The CITY assumes the risk incidental to the maintenance of its police force and employment of police officers.

8. Upon information and belief, the law enforcement activity of the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are funded in part with funds from the Federal Government.

9. That a Notice of Claim was duly presented to the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT at the Office of the Comptroller of the City of New York on the 19th day of June 2014 which was within ninety (90) days of the cause of

3

action accrued herein.

10.  That the CITY has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on July 18, 2014.

11.  Said claim has been presented for adjustment and payment and no adjustment or payment has been had.

12.  This action has been brought within one year and ninety (90) days of the happening of the event complained of.

13.  That at all times herein mentioned, the Defendant "CITY" and "NYPD" were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York.

14.  The within claim against the Defendants is for unlawful search and seizure, unlawful strip search, unlawful arrest, false imprisonment, unlawful pat down,  unlawful detainment, assault, negligence, negligent hiring, training, followed, stopped, accused, detained and/or falsely charged with a crime, and discrimination based on Plaintiff's race and age as he was an African American, in violation of laws which include and are not limited to:

> a-42 U.S.C. §1983, (Section 1983);
>
> b-42 U.S.C. §1981 (Section 1981 having denied the
> plaintiff on the basis of his race, national
> origin, ethnicity and color, the same rights to

enforce contracts including the enjoyment of all
benefits and privileges terms and conditions of
a contractual relationship and the same rights
to hold property as enjoyed by White Citizens of
the United State in violation of the law;

c-42 U.S.C. § 1982 (Section 1982);

d-42 U.S.C. §1985 (Section 1985 (3) having denied
the Plaintiff on the basis of race, national
origin, ethnicity and/or color, of equal
protection of the laws and/or equal privileges
and immunities under the law as are enjoyed by
White Citizens, including but not limited to
the Civil Rights protected under 42 U.S.C. 1981
and 1982);

e-42 U.S.C. 2000(d) Discrimination based on
Title VI of the Civil Rights Act of 1964-
Discrimination based on race in law
enforcement activities by programs the "CITY"
and "NYPD" Law Enforcement Activities,
receive Federal Assistance, in that "No person
in the United States shall, on the grounds of
race, color or national origin be excluded from
participation in, be denied benefits, or be
subjected to discrimination under any programs

or activities receiving Federal Financial
Assistance;

f-New York § 296.2 (the "NYSHRL");

g-The New York Civil Rights Law 40 (the "NYCRL")

h-the Fourth and Fourteenth Amendments to the
United States Constitution;

I-the laws of the State of New York;

j-common law torts of false imprisonment/arrest;

k-Non consensual detention;

l-Refusal to allow the Plaintiff to leave an area
and physically preventing him from leaving an
area for a long period of time without his
consent and against his will;

m-Negligence;

n-Assault and Battery;

o-In placing the plaintiff in imminent and
offensive bodily contact and/or wrongfully
subjecting him to offensive physical contact
without his consent;

p-In subjecting the Plaintiff to a stip search.

15. The within claim arose on March 19, 2014 at
approximately 2:00 p.m., on Halsey Street between Knickerbocker
and Wilson Street, County of Kings, State of New York.

16.   That MICKEAL SMALL was lawfully present walking on the aforementioned Street and sidewalks.

17.   That suddenly and unexpectedly MICKEAL SMALL was subject to an unlawful stop by undercover detectives/police officers employed by the NYPD and CITY OF NEW YORK.

18.   That upon information and belief MICKEAL SMALL was subject to an unlawful stop by Detective Lodico and SGT Ramirez of the 83rd Pct.

19.   That upon information and belief MICKEAL SMALL was subject to an unlawful stop by unidentified detectives/police officers "JOHN DOE" and "JANE DOE".

20.   That MICKEAL SMALL was handcuffed, told to sit on aa concrete sidewalk, interrogated, accused of committing a crime, searched, detained in handcuffs at the above location for 5-10 minutes, arrested, pushed handcuffed, paraded in handcuffs in public, pushed into a police vehicle were he was held for five (5) minutes while in handcuffs.

21.   That MICKEAL SMALL was transported to the 83rd Pct., led into the precinct in hand cuffs, searched, interrogated, accused of committing a crime, strip searched by Detective Lodico and Sgt. Ramirez for approximately 10-15 minutes, held in a cell at the 83rd Pct. for over one (1) hour wherein his personal belongings were vouchered and he was given a prisoner property receipt.

7

22.    That MICKEAL SMALL was thereafter driven in a police van for approximately 2-3 hours, taken back to the 83rd Pct., placed in a cell, interrogated, accused of committing a crime, fingerprinted, held in a cell for approximately 4-5 hours, transported in a police van to be transported to central booking and driven for 2-3 hours, eventually taken to central booking where his pedigree was taken, placed in a cell for approximately 10-15 hours and subsequently released without being taken to a Courthouse or before a Judge.

23.    That upon information and belief, MICKEAL SMALL was accused by Detective Lodico and Sgt Ramirez of violating PL 220.39, Criminal Sale of a Controlled Substance in the third degree, a Class B Felony and violating PL 220.44 Criminal Sale of a Controlled Substance in or near school grounds a Class B Felony.

24.    No facts existed that would give rise to the inference that Plaintiff MICKEAL SMALL committed any crime or his actions in any other way were unlawful.

25.    That the officers of the NYPD and CITY did place handcuffs onto the Plaintiff on a public sidewalk, search him and direct him to sit on the concrete sidewalk for 5-10 minutes.

26.    That the officers of the NYPD and CITY did walk and parade the Plaintiff in handcuffs in the open and on busy public sidewalk.

27. That the officers of the NYPD and CITY did usher the handcuffed Plaintiff into a police vehicle where they kept the Plaintiff handcuffed in the vehicle for approximately five (5) minutes.

28. That the officers of the NYPD and CITY did drive the handcuffed Plaintiff to the 83rd precinct.

29. That the officers of the NYPD and CITY did walk the Plaintiff into the police station in handcuffs and place him into a holding cell.

30. That the officers of the NYPD and CITY did pat down and interrogate the Plaintiff.

31. That the officers of the NYPD and CITY did strip search the Plaintiff for approximately 10-15 minutes.

32. That the officers of the NYPD and CITY did hold the Plaintiff in a cell for approximately one (1) hour.

33. That the officers of the NYPD and CITY did voucher Plaintiff's personal belongings and gave the Plaintiff a prisoner property receipt.

34. That the officers of the NYPD did then drive the Plaintiff while Plaintiff was in handcuffs, in a police van for approximately 2-3 hours.

35. That the officers of the NYPD did then take the Plaintiff back to the 83rd Pct. in handcuffs, where he was

9

placed in a cell, interrogated, accused of committing a crime, fingerprinted and held in a cell for approximately 4-5 hours.

36.   That thereafter the officers of the NYPD did handcuffed the Plaintiff, placed him in a police vehicle and drove him for approximately 2-3 hours while in handcuffs and he was then was taken to Central Booking where his pedigree was taken.

37.   That thereafter the Plaintiff was held in cell for approximately 10-15 hours when he was released without being taken to a Courthouse or before a Judge and told he was free to go.

38.   At no time did MICKEAL SMALL resist or attempt to resist the officers' questions, interrogation or attempts to place handcuffs on him, the officers' placing him into the police vehicle or the officers' transporting him to the precinct or central booking.

39.   MICKEAL SMALL was aware of his confinement, did not consent to his confinement, the placing of hands onto his person and his arrest and detainment was not otherwise privileged.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE NYPD and CITY 42 U.S.C. 1985

40.   Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

41.   The NYPD and CITY demonstrated a lack of

justification for stopping, searching, seizing, questioning, and particularly handcuffing, parading him on a public sidewalk, placing him into police custody, transporting him to a police station, interrogating him, strip searching him, placing him in a holding cell, detaining him, transporting him in handcuffs, bringing him to central booking, holding him and thereafter releasing him.

42.   That upon information and belief, based on MICKEAL SMALL'S race and/or national origin served, in whole or in part, as the basis for the unlawful conduct of the NYPD and CITY.

43.   MICKEAL SMALL was subject to a search and seizure of his person and belongings, falsely detained and taken into custody, arrested and unlawful imprisoned, all against his will and without his consent by the agents, servants and/or employees of the CITY and NYPD.

44.   That the Defendants CITY and NYPD, its agents, servants and employees acted without probable cause or reasonable suspicion to believe that MICKEAL SMALL had committed, was committing, was immediately about to commit any crime, offense or violation, or reasonable cause to believe that any criminal activity was afoot when they stopped him; detained him on a public sidewalk; handcuffed him on a public sidewalk; assaulted him by placing their hands onto him without his consent; arrested him; kept the Plaintiff handcuffed in a police vehicle; forcibly

11

transported the Plaintiff to the 83rd Precinct against his will, by the agents, servants and/or employees of the CITY/NYPD where he was placed in a holding cell, interrogated; stip searched, transported in a police vehicle while in handcuffs, taken to central booking and then released without any Criminal Charges filed against him; the Defendants engaged in a practice of and continue to engage in a practice implement and continue to enforce, encourage and sanction policies, practices and/or customs that result in a pattern and practice of unconstitutional stops, searches, seizures, questioning, false arrests of innocent individuals, and upon information and belief, in whole or in part because they were individuals of color  merely because of the color of their skin, in violation of the Equal Protection Clause of the Fourteenth Amendment.

45. That the conduct engaged in by the NYPD and CITY was authorized, directed, acquiesced in and/or ratified by the NYPD and CITY their agents, servants and/or employees, as described above, denied MICKEAL SMALL, on the basis of his race, national origin, ethnicity and/or color the right to make and enforce contracts, including the right to enjoy all of the benefits, privileges, terms and conditions as is available to white citizens, denied him the ful and equal benefits of all laws and proceedings for the security of persons and property as enjoyed by white citizens, denied him the same right enjoyed by White

citizens to hold property as afforded under federal civil rights laws and conspired to deprive him of equal protection and/or equal privileges and immunities under the laws as are enjoyed by white citizens.

46.   Through the actions described above the NYPD and CITY have acted knowingly intentionally maliciously and/or with willful, wanton and reckless disregard for MICKEAL SMALL's federally and State protected civil rights.

47. The NYPD's and CITY's widespread constitutional abuses have flourished as a result of, directly and proximately caused by ongoing pattern, practices, conspiracy, policies and/or customs devised, implemented and enforced by the NYPD.

48.   The NYPD and CITY knew or should have known that their actions as described above were in violation of law.

49.   That as a proximate/direct/result of the actions of the CITY/NYPD, its agents, servants and/or employees, MICKEAL SMALL upon information and belief, suffered serious emotional and bodily injuries and damage to his reputation for which he may be required to seek additional medical care and treatment for in the future.

50.   MICKEAL SMALL suffered serious emotional injuries, stress upon his physical system psychological/emotional injury and anxiety, and damages the full extent of which is not known at this time, for which he was required to and will be required to

seek health care in the future.

51.   The Plaintiff seeks compensatory damages as authorized and permitted to the highest extent of the Law.

52.   As a result of the NYPD and CITY acting knowingly, intentionally and/or willfully and/or with willful, wanton and reckless disregard for MICKEAL SMALL and/or his Federally protected rights, Plaintiff seeks punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE NYPD AND CITY OF NEW YORK

53.   Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

54.   The Fourth Amendment of the United States Constitution prohibits police officers from conducting stops without a reasonable, articulable suspicion of criminal conduct and searching, seizing or arresting persons without probable cause.

55.   The equal protection clause of the Fourteenth Amendment of the United States Constitution bars police officers from targeting individuals on the basis of race or national origin.

56.   The NYPD has engaged in pervasive, unconstitutional practices which are a direct and proximate result of policies, practices and/or customs devised implemented enforced and sanctioned by the CITY with the knowledge that such policies

practices and customs would lead to violations of the Fourth and Fourteenth Amendments.

57.   These practices, policies and customs include but are not limited to failing to properly screen, train and supervise NYPD officers, failing to adequately monitor and disciple NYPD officers and encouraging and sanctioning and failing to rectify the NYPD's custom and practices of unlawful stops searches seizures and arrests.

58.   That the NYPD and CITY having knowledge that the work of the NYPD demands extensive training, superior judgment and close supervision, the City failed to properly screen, train and supervise NYPD officers, including supervisors, concerning the legal and factual basis for conducting stops, searches seizures and or arrests, knowing that such failures would result in Constitutional violations.

59.   That the NYPD has engaged in widespread abuses that are directly and proximately the result of the failure of CITY to properly and adequately monitor disciple, to take necessary corrective actions against NYPD Officers who engage in, encourage or conceal these unconstitutional practices, to take sufficient corrective, disciplinary and remedial action to combat the so called "blue wall of silence" wherein NYPD officers conceal on a consistent basis police misconduct or fail and refused to report same.

60.   The NYPD, the CITY OF NEW YORK, and NYPD Officers actions constitute constitutional abuses, have acted with deliberate indifference to the constitutional rights of the Plaintiff in violation of the Fourth Amendment.

61.   The CITY and NYPD have implemented, enforced, encouraged and sanctioned a policy practice and custom of stopping, searching, seizing and arresting individuals of color, including the Plaintiff without reasonable articulable suspicion of criminality or probable cause required by the Fourth Amendment.

62.   The NYPD and CITY'S actions constitute constitutional abuses and violations which were and are directly and proximately caused by the policies, practices and customs implemented enforced and encouraged by the NYPD and CITY, and have acted with deliberate indifference to the constitutional rights of the Plaintiff in violation of the Fourteenth Amendment.

63.   The NYPD has acted with deliberate indifference to the constitutional rights of those who would come into contact with the NYPD officers by a) inadequately monitoring NYPD officers and their practices related to  crime enforcement, failing to sufficiently discipline NYCPD officers who engage in constitutional abuses and encouraging, sanctioning and failing to ratify the NYPD's unconstitutional practices, that responding officers did not inquire into the factual basis for arrests and

detentions or whether there were any objective facts which could establish probable cause to arrest the individual, but rather has a policy, practice and/or custom of relying on conclusions made rather than inquiring into whether there are facts know which establish that probable cause to arrest existed, with a deliberate indifference by routinely arresting individuals without knowing whether they actually have probable cause to arrest.

64.   As a direct and proximate cause of the CITY'S and NYPD's policies practices and/or customs the plaintiff was subject to an unconstitutional stop, search seizure, questioning and false arrests by NYPD Officers.

65.   The NYPD and CITY have acted with a deliberate indifference to the Plaintiff's Fourth Amendment rights.

66.   The NYPD and CITY of New York having acted under color of law to deprive the Plaintiff of his rights under the Fourth Amendment, are in violation of 42 U.S.C. 1983 which prohibits the deprivation under color of State Law of the rights secured under the United States Constitution.

67.   The policies of the NYPD and CITY has subjected the Plaintiff to stops, searches seizures and arrests without any reasonable articulable suspicion of criminality or probable cause, but rather on the basis of Plaintiff's race and/or national origin.

17

68.   As a result of the foregoing the Plaintiff has suffered serious and irreparable harm to his constitutional rights including but not limited to 42 U.S.C. 1985.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE CITY OF NEW YORK (VIOLATIONS OF 42. U.S.C. 1983

69.   Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

70.   The NYPD and CITY have engaged in a deliberate indifference to the Fourteenth Amendment rights of the Plaintiff as a result of which Plaintiff's rights have been violated.

71.   As a direct and proximate result of the acts and omissions of the NYPD and CITY have acted under color of state law to deprive the Plaintiff of his Fourteenth Amendment rights in violation of 42 U.S.C. 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE CITY AND NYPD

72.   Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation previously set forth herein at length.

73.   Upon information and belief the "CITY" and "NYPD" receive Federal Financial Assistance for law enforcement activities.

74.   That under 42 U.S.C. 2000(d) "No person in the United States shall, on the grounds of race, color or national

origin be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity that receives Federal Funds such as the "CITY" and "NYPD".

75.   As a direct and proximate cause of the CITY'S and NYPD's policies practices and/or customs as set froth above  the Plaintiff was subject to discrimination under a program which receives Federal Funds such as the "CITY" and the "NYPD.

76.   The NYPD and CITY have acted with a deliberate indifference to the Plaintiff's rights under 42 U.S.C. 2000(d).

77.   The NYPD and CITY of New York having acted under color of law to deprive the Plaintiff of his rights under the 42 U.S.C. 2000 (d).

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS DETECTIVE LODICO, SGT. RAMIREZ AND "JOHN DOES" and "JANE DOES" "1" - "5"

78.   Plaintiff repeat, reiterate, re-alleges and incorporates by reference each and every allegation previously set forth herein at length.

79.   The conduct of Defendants Detective Lodico and Sgt. Ramirez and "JOHN DOES" and "JANE DOES" "1" - "5" in arresting MICKEAL SMALL were performed under color of law and without any reasonable suspicion of criminality or other constitutional grounds.

80.   The stop, search, seizure,  detention, strip search

and arrest of the Plaintiff was performed on the basis of racial and or national origin and racial profiling.

81.  As a direct and proximate result of such acts the Defendants DETECTIVE LODICO and SGT. RAMIREZ and "JOHN DOES" and "JANE DOES" "1" - "5" deprived the Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. 1983.

82.  That as a proximate/direct/result to the actions of the CITY/NYPD, its agents, servants and/or employees, MICKEAL SMALL upon information and belief, suffered serious emotional and bodily injuries and damage to his reputation for which he may be required to seek additional medical care and treatment for in the future.

83.  MICKEAL SMALL suffered serious emotional injuries, stress upon his physical system psychological/emotional injury and anxiety, and damages the full extent of which is not known at this time, for which he was required to and will be required to seek health care in the future.

84.  That the acts of Defendants DETECTIVE LODICO and SGT. RAMIREZ, and "JOHN DOES" and "JANE DOES" "1" - "5" were intentional, wanton, malicious reckless and oppressive entitling the Plaintiff to an award of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS NYPD, CITY, DETECTIVE LODICO, SGT. RAMIREZ AND "JOHN DOES" and "JANE DOES" "1" - "5"

85.  Plaintiff repeats reiterates, realleges and

incorporates by reference each and every allegation previously set forth herein at length.

86.   The NYPD, CITY, DETECTIVE LODICO, SGT. RAMIREZ and "JOHN DOES" and "JANE DOES" 1-5 have committed the following wrongful acts against the Plaintiff which are tortuous under the Constitution and Laws of the State of New York:

> assault
> battery
> strip searched
> false arrest
> false imprisonment
> negligence
> violation of rights otherwise guaranteed under
> the constitution and laws of the State of New
> York

87.   The NYPD, CITY, DETECTIVE LODICO, SGT. RAMIREZ and "JOHN DOES" and "JANE DOES" 1-5 were negligent, careless and reckless in the hiring screening training and retention of DETECTIVE LODICO and SGT. RAMIREZ and "JOHN DOES" and "JANE DOES" 1-5.

88.   The actions NYPD, CITY, DETECTIVE LODICO, SGT. RAMIREZ and "JOHN DOES" and "JANE DOES" 1-5 were a direct and proximate cause of injury and damages to the Plaintiff and violated the statutory and common law rights as guaranteed to him under the Constitution and Laws of the State of New York.

**AS AND FOR AN SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS DETECTIVE LODICO, SGT. RAMIREZ AND "JOHN DOES" and "JANE DOES" "1" - "5"**

89.   Plaintiff repeats reiterates, realleges and

incorporates by reference each and every allegation previously set forth herein at length.

90.   The actions of the Defendants DETECTIVE LODICO, SGT. RAMIREZ, "JOHN DOES" and "JANE DOES" "1" – "5" occurred while they were in the course of and within the scope of their duty and function as New York City Police officers as agents servants and/or employees of the CITY.

<u>**PRAYER FOR RELIEF**</u>

a) Awarding MICKEAL SMALL compensatory and punitive damages against the Defendant CITY and NYPD in an amounts that are fair, just and reasonable to be determined at trial;

b)  Awarding compensatory damages in an amount that would fully compensate MICKEAL SMALL, plus pre-judgment interest, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical injury, emotional distress, feelings of paranoia and distrust, depression, low self esteem, sleep deprivation, loss of enjoyment of life, and interference with life's daily activities, as well as continued stress and anxiety caused by the "CITY" and "NYPD" violations of the law alleged in this Complaint, in an amount to be determined at trial;

c) Declaring the policy, practice and customs of the "CITY" and "NYPD" herein as unconstitutional as it violates the 4th and 14th Amendments of the U.S. Constitution, Title VI, the Constitution and Law of the State of New York;

d) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom.

e) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom based on racial and/or national origin

f) Awarding Plaintiff reasonable attorney's fees against the Defendant CITY and NYPD;

g) Order all other relief deemed just, proper and equitable by the Court.

### JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: July 30, 2014
      New York, New York

_____
MICHAEL B. PALILLO (0044)

## CERTIFICATION

STATE OF NEW YORK   )
                     )ss.:
COUNTY OF NEW YORK )

      I, the undersigned, being duly sworn, depose and say: I am the attorney for the Plaintiff  in the within action; I have read the foregoing **summons and complaint** and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

      I make this certification based on the fact that the Plaintiff does not reside in the County wherein I maintain my office for the practice of law.

      I swear to the truth of the foregoing under penalties of perjury.

Sworn to before me this
30th day of July , 2014

                              Michael B. Palillo

NOTARY PUBLIC

MARC S. HYMAN
Notary Public, State of New York
No. 02HY5082561
Qualified in New York County
Commission Expires Sept. 30, 2014